CARLO R. BEMIS *vs.* HENRY DE LAND.

Worcester.    October 3, 1900. — November 28, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Replevin — Delivery — Title — Bailee — Sale — Action.*

While there was evidence in this case, which was an action of replevin, to show a sufficient delivery of the property to P., a third person, to pass the title, the defendant, a bailee of the plaintiff, having been notified of the sale, there was also evidence from which the jury might have found that, when the defendant refused to deliver up the property after the plaintiff tendered him all that was due under the bailment, the plaintiff and P. rescinded the sale, and that the title to the property was in the plaintiff when this action was brought; or the jury might have found, on the evidence, that the absolute sale was by agreement of parties changed into a conditional sale, the condition being that the plaintiff should recover possession of the property. In either case the plaintiff would be entitled to maintain the action, the fact that the money paid for the property was not returned making no difference, as the evidence showed that the plaintiff offered to return the money to P., and that the latter told him if he could get the property for him he [the plaintiff] might keep the money.

REPLEVIN of a horse.    At the trial in the Superior Court, before *Maynard,* J., it appeared that in December, 1898, the plaintiff hired the defendant to break a colt, and the defendant took the colt to his own place for the purpose of breaking him, and there kept him until June, 1899; that in the latter month the plaintiff bargained with one Parker for the sale of the colt to him, and told Parker, after he had paid the price agreed upon, that he could get the colt by calling at the defendant's for him.    The defendant refused to give up the colt to Parker, saying that he had a lien on him for breaking.    Parker reported to the plaintiff, who offered to return Parker's money, but the latter said if he could get the colt for him he might keep the money.    The plaintiff, after tendering the defendant the

amount due for the breaking, then brought this action.    At the close of the testimony the defendant contended that at the time of the bringing of this action the plaintiff had no such title as would enable him to recover, and asked the judge to rule that on all the evidence in the case the plaintiff was not entitled to recover.    The judge refused so to rule, and the defendant excepted.

The jury found for the plaintiff; and the defendant alleged exceptions.

*J. R. Kane*, for the defendant.

*T. Howard*, for the plaintiff.

LATHROP, J.    While there was evidence in this case to show a sufficient delivery of the horse to Parker to pass the title, the defendant, a bailee of the plaintiff, having been notified of the sale, there was also evidence from which the jury might have found that, when the defendant refused to deliver up the horse, after the plaintiff tendered him all that was due him under the bailment, the plaintiff and Parker rescinded the sale, and that the title to the horse was in the plaintiff when this action was brought.    Or the jury might have found, on the evidence, that the absolute sale was by agreement of parties changed into a conditional sale, the condition being that the plaintiff should recover possession of the horse.    In either case the plaintiff would be entitled to maintain this action, unless the fact that the money paid for the horse was not returned makes a difference.    But the evidence shows that the plaintiff offered to return the money to Parker, and that the latter told him if he could get the horse for him he might keep the money.    The fact that the plaintiff kept the money was, therefore, of no consequence.

The judge rightly refused to rule that on all the evidence in the case the plaintiff was not entitled to recover.

*Exceptions overruled.*